UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Chavis Laranzo Cox, | ) | Civil Action No. 4:13-125-MGL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| Anthony Davis; | ) | |
| Bruce Oberman; and | ) | |
| Anthony J. Padula, | ) | |
| _____ | ) | |

This matter is before the Court upon the Plaintiff's *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On February 6, 2013, Magistrate Judge Thomas E. Rogers III issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court partially dismiss the Complaint in this action without prejudice as to Defendants Obeman and Padula. (ECF No. 12). The Magistrate Judge further recommended that the Complaint be served on Defendant Davis.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report. However, Plaintiff filed no objections. In the absence of objections to the Magistrate Judge's Report, this court is not

required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (quoting Fed.R.Civ.P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir.1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).

Here, because no objections have been filed, the Court has reviewed the Magistrate Judge's findings and recommendations for clear error. Finding none, the Court agrees with the Magistrate Judge that the Plaintiff's claims against Defendants Obeman and Padula are subject to summary dismissal. Accordingly, the Court hereby adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. It is therefore ORDERED that Defendants Oberman and Padula are dismissed from this case without prejudice and without issuance and service of process.

IT IS SO ORDERED.

S/ Mary G. Lewis  
United States District Judge

Florence, South Carolina  
May 16, 2013