UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Chavis Laranzo Cox, | ) | Civil Action No. 4:13-125-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **OPINION AND ORDER** |
| Anthony Davis, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Chavis Laranzo Cox ("Plaintiff"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. §1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial handling and a Report and Recommendation ("Report").

On December 17, 2013, Defendant Anthony Davis ("Defendant") filed a motion for summary judgment. (ECF No. 51.) Since Plaintiff is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on December 18, 2013, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. (ECF No. 52.) Plaintiff filed a response in opposition on December 27, 2013. (ECF No. 56.) On February 28, 2014, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted because Plaintiff failed to show that Defendant violated any of Plaintiff's constitutional or statutory rights. (ECF No. 68.) The Magistrate Judge recommended that any other outstanding motions be denied as moot. The Magistrate Judge also advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF No. 68-1.)

Plaintiff filed no objections and the time for doing so expired on March 17, 2014. Plaintiff did however file a motion to compel on March 10, 2014 which this Court addresses below. (ECF No. 70.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

As noted above, although Plaintiff did not file objections to the Magistrate Judge's Report, Plaintiff filed a motion to compel on March 10, 2014 seeking a copy of a "use of force" policy and his disciplinary records. (ECF No. 70.) Defendant opposes Plaintiff's latest motion to compel arguing that Plaintiff's motion was filed after the November 7, 2013 discovery deadline established by court order and because Plaintiff filed his motion to compel prior to serving Defendant with a third set of discovery requests. (ECF No. 74.) Of note here, Plaintiff previously filed a motion to compel on October 29, 2013, requesting the "use of force" policy and his complete prison records. (ECF No. 47). The Magistrate Judge mooted the motion in a text order on February 28, 2014 (ECF

No. 66), after a response in opposition from Defendant was filed on February 26, 2014, which stated that Defendant "opposes Plaintiff's motion to compel on the grounds that this Defendant is unable to determine which discovery the Plaintiff has served on this Defendant that he seeks to compel further response and/or deems incomplete. Out of an abundance of caution, this Defendant has updated his responses to Plaintiff's discovery in his possession and forwarded the same to Plaintiff . . . ." (ECF No. 65). Here, it seems that Plaintiff has already been provided the discovery he seeks in his latest motion and further, the motion is untimely. *See Spencer Med. Assocs. v. Comm'r*, 155 F.3d 268, 273 (4th Cir.1998) ("At the outset we note that the mere untimeliness of SMA's motion supports the court's denial.").

After reviewing the record, the motions filed, and the Report and Recommendation of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 68) by reference into this order. It is therefore ORDERED that Defendants' motion for summary judgment (ECF No. 51) is GRANTED, and this case dismissed. All other pending motions are denied as moot.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
April 3, 2014